IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ELIJAH WILSON, et al., :
:
    Plaintiffs, :
:
v. : Civil Action No. 20-1258-RGA
:
COMMUNITY POWERED FEDERAL :
CREDIT UNION, et al., :
:
    Defendants. :

Elijah Wilson, Dover, Delaware. Pro Se Plaintiff.

Krista M. Reale, Esquire, Margolis Edelstein, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

August 19, 2021
Wilmington, Delaware

*Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiffs Elijah Wilson and Jones Wilson Group, LLC filed this action pursuant to 15 U.S.C. § 1691, *et seq.* and 12 C.F.R. § 1002, *et seq.* (D.I. 1). They appear *pro se*[1] and have paid the filing fee. Before the Court is Defendants' motion to dismiss the Complaint. (D.I. 8). Briefing is complete. (D.I. 9, 10, 12).

## I. BACKGROUND

Wilson raises claims under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.* and 12 C.F.R. §§ 1002, et seq. (D.I. 1 at ¶ 1). He alleges that Defendant Bill Thompson, an employee/representative of Defendant Community Powered Federal Credit Union, discouraged and denied/refused him access to credit based on non-creditworthy facts – specifically Wilson's race and color. (*Id.* at ¶ 5). The Complaint does not describe either. Wilson alleges that in April 2019, he inquired about a business loan, but made no movement towards the loan until February 26, 2020, when he emailed and specifically requested a start-up loan of $90,000 for working capital. (*Id.* at ¶¶ 9-11). The next day, Thompson asked Wilson questions about his business and required Wilson to send documents to "move forward with the business account and business loan." (*Id.* at ¶ 12). Wilson provided all the information and, on March 3, 2020, Thompson sent Wilson an email and denied him access to the credit process and discouraged Wilson from moving forward "with applying" for credit. (*Id.* at ¶¶ 13, 14). Wilson alleges that there was nothing special or complex about the business loan he

---

[1] On October 20, 2020, the Court entered an order for Plaintiff Jones Wilson Group, LLC to obtain counsel on or before November 17, 2020. (D.I. 11). The order warned that it would be dismissed as a plaintiff if counsel were not retained. Jones Wilson Group, LLC has not retained counsel. It will be dismissed as a defendant.

1

sought and "wanted to apply for" that would warrant Defendants' response that Wilson should find another service business lender. (*Id.* at ¶ 15). Wilson "was not referred to the loan department nor allowed to go through the normal/formal loan process as other applicants have." (*Id.* at ¶ 16). He alleges this constitutes "disparate treatment" in violation of the ECOA and 12 C.F.R. § 1002, when "comparing the treatment of applicants who receive different treatment for no discernable reason other than a prohibited basis, specifically race or color," and that "it is not necessary that the creditor act with any specific intent to discriminate." (*Id.*). Wilson seeks compensatory and punitive damages, as well as injunctive relief.

Defendants move for dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the ground that there is no private right of action for "prospective applicants" under ECOA. (D.I. 8, 9).

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846

2

F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### B.  Rule 12(b)(6)

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Wilson proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive

3

Case 1:20-cv-01258-RGA   Document 18   Filed 08/19/21   Page 5 of 8 PageID #: 86


plausibility." *Id.* at 12.  That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.*  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.'  The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document.  Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered." *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## III.  DISCUSSION

Defendants argue that dismissal is appropriate because there is no private right of action for "prospective applicants" under ECOA.  Wilson contends that he submitted an application and, therefore, is considered an "aggrieved applicant."  He implies that

the loan request was turned down because of his race.[2] He also argues he has a private right of action because he sought pre-qualification as part of the credit transaction.

Section 1691e of the ECOA creates a private right of action for individuals and provides, "Any creditor who fails to comply with any requirement imposed by this subchapter shall be liable to the aggrieved applicant for any actual damages sustained by such applicant acting [] in an individual capacity. . . ." 15 U.S.C. § 1691e(a). The ECOA defines "applicant" as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b). "The plain language of the ECOA unmistakably provides that a person is an applicant only if []he requests credit." *Hawkins v. Cmty. Bank of Raymore*, 761 F.3d 937, 941 (8th Cir. 2014) (quotation marks and citation omitted), *aff'd per curiam by an equally divided Court*, 577 U.S. 495 (2016).

Wilson's arguments do not square with the Complaint's allegations that he was discouraged from "applying for credit" and that he "wanted to apply for" a loan. (D.I. 1 at ¶¶ 13, 15). In other words, the Complaint is clear that Plaintiff did not apply for credit or a loan. As alleged, Wilson is not entitled to relief under the ECOA because he never

---

[2]Wilson's opposition contains facts that are not in his Complaint. Wilson may not amend his complaint through his opposition brief, and these new facts may not be considered by the Court on the instant motion to dismiss. *See Commonweath of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

5

applied for credit. The failure to allege that he was an applicant is fatal to his claim. "[O]nly an 'aggrieved applicant' has standing under the ECOA to bring a private cause of action. The statute provides no cause of action for an 'aggrieved prospective applicant.' Discouragement of a 'prospective applicant' may be regulatorily prohibited, but it cannot form the basis of a private claim or cause of action under the ECOA." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 708 (5th Cir. 2017) (citing 15 U.S.C. § 1691e). Wilson was never an applicant for credit and does not have a private right of action under the ECOA.

Wilson argues that he was in "pre-qualification" and that this part of the credit procedures is an aspect of a credit transaction subject to a private right of action under the C.F.R. and the ECOA statute. Granted, 12 C.F.R. § 1002.4(b), promulgated by the Consumer Financial Protection Bureau (CFPB) pursuant to the ECOA, prohibits a creditor from making any statement "to applicants or prospective applicants that would discourage on a prohibited basis a reasonable person from making or pursuing an application." Pre-qualification status, however, does not suffice to state a claim.

> First, § 1002.4(b) does not change the definition of "applicant," let alone expand the definition to include "prospective applicant"; on the contrary, the use of the disjunctive "or" in § 1002.4(b) makes clear that the CFPB draws a distinction between "applicants" and "prospective applicants." Second, the ECOA vested the CFPB with enforcement powers that are more expansive than the private right of action authorized by § 1691e(a). Thus, it makes sense that the CFPB would promulgate regulations that extend to parties not covered by the ECOA's private right of action. Third, even if § 1002.4(b) could somehow be read as evidence that the CFPB intended to expand the definition of "applicant," courts only defer to an agency's interpretation of a statute when the text of the statute is ambiguous. "If the intent of Congress is clear, that is the end of the matter." Without statutory text making clear Congress's intent to authorize

6

> a private right of action for prospective applicants, a cause of action for prospective applicants "does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." In this case, the text of the ECOA is unmistakably clear that only applicants are covered by its private right of action.

*Dhade v. Huntington Learning Ctr.*, 414 F. Supp. 3d 703, 707 (D. Del. 2019) (internal quotations and citations omitted).

The Complaint does not allege a plausible factual basis to show that Wilson was an "applicant" under the ECOA and, therefore, fails to state a claim. Accordingly, Defendants' motion to dismiss will be granted.

## IV. CONCLUSION

For the above reasons, the Court will: (1) dismiss without prejudice Jones Wilson Group, LLC; and (2) grant Defendants' motion to dismiss the Complaint. Amendment is futile. Plaintiff attaches the email chain that is the basis for the Complaint. (D.I. 10-1). There is no basis to say that he was an "applicant."

An appropriate order will be entered.

7